## Decree v. Columbus
### [Cite as 3 AOA 269]

Case No. 89AP-1370
Franklin County, (10th)
Decided May 1, 1990

*Ms. Sandra Mendel Furman, for Appellant.*

*Mr. Ronald J. O'Brien, City Attorney, and Ms. Connie Fierson, for City of Columbus, Appellee.*

*Mr. Anthony J Celebrezze, Jr., Attorney General and Mr. Patrick K. Wilson, for Unemployment Compensation Board of Review, Appellee.*

YOUNG, J.

This matter is before this court upon the appeal of Van Ness Decree, appellant, from a judgment in favor of appellee, Unemployment Compensation Board of Review ("board of review"). Appellant was employed by the city of Columbus as a Recreation Supervisor, a classified position, from March 9, 1984 to March 29, 1988. The city notified appellant that his employment was terminated effective March 29, 1988 on the basis that appellant was absent without leave from March 24 through March 29, 1988. The city based its decision upon the Municipal Civil Service Commission Rule XV(E) (2) ("Civil Service Rule XV(E) (2)").

The appellant was seeking medical attention for a work-related injury he suffered in February. Appellant claims that he was unaware of the five day abandonment rule and was following the procedure for reporting off due to an injury as he done in the past. Since appellant failed to follow the prescribed procedure for reporting off work an injury, the city determined that he had abandoned his job pursuant to Civil Service Rule XV(E) (2) and the city specifically noted that this was a nondisciplinary action. The appellant alleges that he immediately sent his employer a doctor's report indicating the time he would be off from work which included the "abandonment period." The city denies receiving the doctor's report until April 13. When appellant returned to work on April 21, he was told that this employment had been terminated. Thereafter, appellant appealed his termination to the Columbus Civil Service Commission ("CCSC"). Pursuant to Civil Service Rule XV(E) (2), the CCSC determined that it lacked jurisdiction. Appellant appealed this decision to the Franklin Country Court of Common Pleas. The common pleas court held that CCSC did have jurisdiction and reversed and remanded the matter for a determination of whether appellant's termination was based upon just cause. Thereafter, the city appealed and this court affirmed the trial court's decision.[1] This matter is now pending before the CCSC.

On April 1, 1988, appellant applied for unemployment compensation, which was denied. A request for reconsideration was also denied. Appellant this decision, and the several hearings were held before an unemployment compensation referee. Thereafter, the decision to deny unemployment compensation benefits to appellant was upheld. The appellant to the board of review pursuant to R.C. 4141.28. The board of review also disallowed appellant's appeal.

Thereafter, appellant appealed the board of review's decision to the Franklin Country Court of Common Pleas which affirmed the decision of the board of review. Appellant is now before this court asserting the following three assignments of error:

"1. The Lower Court committed error when it failed to reverse the Lower Court [sic] finding that Appellant was discharged for just cause.

"2. The Lower Court committed error when it failed to consider Appellant's argument that

the Board committed error when it took rebuttal testimony from the City with Appellant not present.

"3. The Lower Court committed error when it failed to hold that the Board committed error when it relied upon CCSC rule XV(E)(2) as supporting just cause for discharge."

This case is somewhat confusing in that it involves two cases which are inextricably intertwined. The related case, which is based on the same underlying facts, is *Van Ness Decree* v. *City of Columbus* (Aug. 17, 1989), Franklin App. No. 89AP-247, unreported (1989 Opinions 2893). That case involved appellant's action against the Civil Service against the Civil Service Commission whereby this court concluded:

"The trial court concluded, and we agree, that it was not the intention of appellee to abandon his position. The appellants' action amounted to a constructive discharge and cannot be considered voluntary. As the trial court stated, '* * * [r]egardless of nomenclature, the decision by the City was one to terminate employment. * * *' It was an affirmative act on the part of appellants, and appellee, which rendered the employee jobless, and as such, it was not the voluntary act of appellee.

"* * *

"In the present case, appellee allegedly followed [the] procedure to prevent application of constructive resignation. He was not informed that his procedure was incorrect or was he given a clear option. All of his actions were inconsistent with a voluntary abandonment. He followed what he believed to be appropriate procedures in calling in prior to his discharge and again calling in on April 5, 1988, to inform the appellants Recreation and Parks Department, of his continued absence. * * *

"We conclude that appellee was discharged and did not voluntarily resign. Therefore, the common pleas court was correct in holding that the commission did have jurisdiction. It necessarily follows that since jurisdiction is established, upon remand, the burden of proof is on appellants to prove that appellee was absence [sic] without leave."[2] *Id.* at 6-7.

The record before this court indicates that case No. 89AP-247 was remanded and is now pending before the Civil Service Commission. Consequently, up until this point, no disciplinary procedures had ever been initiated against appellant.

The second administrative body, the Unemployment Compensation Board of Review, is the agency involved in the matter herein. Appellant filed an application for unemployment benefits after his employment was terminated by the city. This compensation was denied and appellant asserts in his first assignment of error that it was error for the trial court to adopt the Board of Review's conclusion that he was discharged for just cause. As previously stated, this court concluded in case No. 89AP-247 that appellant did not voluntarily abandon his job and thus far, since case No. 89AP-247 is still pending, it has not as yet been determined by the Civil service Commission that appellant was terminated pursuant to Civil Service Rule XV(E) (2). Furthermore, Columbus City Charter, Section 149 provides, in pertinent part:

"The commission shall prescribe, amend and enforce rules for the classified service, shall keep minutes of its proceedings and records of its examinations and shall make investigations concerning the enforcement and effect of the civil service provisions and of the rules thereunder. It shall make an annual report to the mayor. The rules shall provide:

"* * *

"(m) For discharge or reduction in rank on compensation, only the person to be discharged or reduced has been presented with the reasons for such discharge or reduction, specifically stated in writing, and has been given an opportunity to be heard in his own defense. The reason for such discharge or reduction and any reply in writing thereto by such employee shall be filed with the commission."

First, there is no provision in the City Charter which gives the Civil Service Commission the power to impose upon an employee a voluntary resignation. Secondly, there is nothing in the record before this court which indicates that discharge procedures, as set forth in Section 149(m) were initiated or followed in order to terminate from his city employment. Consequently, Civil Service Rule XV(E) (2) cannot serve as the basis for a finding of just cause in denying appellant unemployment benefits. The threshold question, as to whether appellant was employed by the city during the time period of March 24 through march 29, has not been yet determined by the Civil Service Commission.

Although this case and case No. 89AP-247 are two separate actions against two separate administrative bodies, each arises from the same set of facts and circumstances. Thus, to avoid inconsistent results, it must first be determined by CCSC whether appellant was discharged from

his employment for just cause. This determination is necessarily dependent upon the decision that needs to be made by the Civil Service Commission in case No. 89AP-247. To sustain its burden , the city must not only prove that appellant was absent without leave, but also comport to its prescribed disciplinary and discharge procedures. Accordingly, the trial court erred in upholding the board of review's determination that appellant had been discharged for just cause.[3] Appellant's first assignment of error is well-taken and is sustained.

In his second assignment of error, the appellant asserts that the trial court erred by not finding that the board of review erred when it took rebuttal testimony from the city with appellant not present. Appellant argues that he did not receive notice of the November 9, 1988 telephone conference hearing and that he was unlawfully denied due process of law since this rebuttal testimony, in part, formed the basis of the referee's determination that the appellant had been discharged from his employment for just cause. Upon review of the trial court's decision, the issue of whether appellant received actual notice of the November 9, 1988 telephone conference was never addressed or resolved by the trial court. However, light of this court's disposition of appellant's first assignment of error, there was no evidence in the record which could substantiate the board of review's determination that appellant had been discharged for just cause. Accordingly, appellant's second assignment of error is not well-taken and is overruled.

In his third assignment of error, appellant asserts that the trial court erred in upholding the board of review's determination that Civil Service Rule XV(E) (2) supported appellant's discharge from employment for just cause. In light of this court's disposition of appellant's first assignment of error, appellant's third assignment of error is well-taken and is sustained. This matter must be remanded so that appellee may make a proper redetermination as to whether appellant was discharged from his employment with just cause.

Based on the foregoing, appellant's first and third assignments of error are well-taken and are sustained. Appellant's second assignment of error is overruled.

*Judgment reversed and*
*cause remanded.*

WHITESIDE and AMMER, JJ., concur.

AMMER, J., of the Pickaway County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.

---

[1]  Van Ness Decree v. *City of Columbus* (Aug. 17, 1989), Franklin App. No. 89AP-247, unreported (1989 Opinions 2893). See this case for a more extensive recitation of the facts.

[2]  The Municipal Civil Service Commission rule at issue, Rule XV (E) (2): "Absence without leave for five consecutive work days may be deemed a voluntary resignation and abandonment of the position. The department shall report such absence promptly to the Commission."

[3]  This is totally inconsistent with the evidence. The city's initial position was that appellant voluntarily resigned pursuant to Civil Service Rule XV(E)(2) and that his termination was a nondisciplinary action.